IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEFFERY ANGELO CAMPBELL,

    Plaintiff,

vs.

SYLVIA BETTA-COLE, D.H.H.S, Division Children Family Services; MELISSA A. SMITH, JOHN HERDMAN, LISA M. GONZOLAS, REGGIE RYDER, and STATE OF NEBRASKA,

    Defendants.

8:20CV177

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants John Herdman's, Lisa Gonzolas's, Sylvia Betta Cole's, Department of Health and Human Services', Division of Children and Family Services', Reggie Ryder's, and the State of Nebraska's (collectively "Defendants") motions to dismiss. Filing Nos. 18, 28, and 33. Plaintiff is pro se. Plaintiff Jeffery Angelo Campbell (hereinafter "Plaintiff") opposes these motions to dismiss. Filing Nos. 30, 32, and 37. Also, before the Court, is Plaintiff's motion for default judgment against defendant Melissa Smith. Filing No. 25. Plaintiff brought this lawsuit alleging defendants violated 42 U.S.C. § 1983. Filing No. 1 at 5 & 22. As a remedy for this alleged misconduct, Plaintiff seeks, among other requests, an order invalidating a state-court judgment that terminated his parental rights of his two minor children and $15,000 in damages. Filing No. 1 at 12-13 & 18-19; see also Filing Nos. 1-1 at 39-41, 29 at 1, and 34 at 2.

1

I.   BACKGROUND

On May 7, 2020, Plaintiff filed the above-captioned lawsuit pursuant to 42 U.S.C. § 1983. Filing No. 1 at 5 & 22. The events giving rise to Plaintiff's claims occurred in 2013-2015. *Id.* at 11. Plaintiff is the father of two boys – Teegan and Skylar Campbell. Filing No. 1 at 16; *see also* Filing No. 1-1 at 7, 35 & 39.

In October 2013, Sylvia Betta Cole (hereinafter "Ms. Cole") a Department of Health and Human Services worker, called Plaintiff regarding "the situation with [plaintiff's wife] giving the boys up." Filing No. 1 at 4 & 16. On the call, Ms. Cole stated Plaintiff needed a mental exam and "placement done." Filing No. 1 at 16. Ms. Cole also stated Plaintiff would not have contact with the children until the assessment was finished. *Id.* In June 2014, an assessment was scheduled, but Plaintiff was not able to attend. *Id.* at 17.

A second assessment was scheduled on January 2015, with Dr. John Herdman (hereinafter "Dr. Herdman"). Filing No. 1 at 18. Based on Dr. Herdman's assessment, which he later allegedly recanted in the termination of parental rights ("TPR") trial, Plaintiff was diagnosed with "a multi-personality disorder and narcissistic." *Id.* at 18 & 20. Dr. Herdman requested that Plaintiff have no contact with the children even though Plaintiff had "no prior [children protective service], driving, criminal, medical or mental record." *Id.*

Just before the TPR trial started, Melissa Smith (hereinafter "Melissa") who was the foster mom of Teegan and Skylar Campbell, allegedly tried to "coerce[]" Plaintiff "into signing his rights, threatened future rights to any children he may have and denied him contact after the TPR Trial." Filing No. 1 at 4, 6, 12, 17, & 19; *see also* Filing No. 1-1 at 83. Plaintiff refused to sign his rights over and proceeded to the TPR trial, where Judge Reggie Ryder (hereinafter "Judge Ryder") terminated his parental rights of his two minor children. Filing No. 1 at 18-20.

Based on the above conduct, Plaintiff believes the juvenile court's decision was unfair and that he was "railroaded" by the court system and various people involved in the proceedings. Filing No. 1 at 6, 12, 18, & 21. Plaintiff specifically claims that Defendants misled the Court to "illegally kidnap the plaintiff's 2 children" without the proper due process in violation of Plaintiff's 14th Amendment right. Filing No. 1 at 6. Plaintiff further claims that defendant Judge Ryder "never vetted the process or ask[ed] the proper question[s] to have a fair trial" and that defendant Melissa tried to "coerce[]" Plaintiff "into [waiving] his rights before the trial started." Id.

II.   STANDARD OF REVIEW

When reviewing a *pro se* complaint, the Court must give it the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also* Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. See McNeil v. United States, 508 U.S. 106, 113 (1993).

Subject matter jurisdiction is a threshold issue for this Court. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-96 (1998); *see also* Arbaugh v. Y & H Corp.,

3

546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). The party seeking to invoke federal jurisdiction carries the burden of proof on that issue. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). "[I]f a plaintiff's allegations of jurisdictional facts are challenged by the defendant; the plaintiff bears the burden of supporting the allegations by competent proof." *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942).

A complaint can be challenged for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.*

Under 28 U.S.C. § 1332, the district courts "shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000. . . and is between citizens of different states." 28 U.S.C. § 1332(a)(1); "Diversity jurisdiction "requires . . . complete diversity of citizenship among the litigants."" *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019) (quoting *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). Complete diversity "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Borchert*, 486 F.3d at 346; *see also Owen Equip. &*

*Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("Diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."). Statutes conferring diversity jurisdiction upon the federal courts are to be strictly construed. *Owen Equip.*, 437 U.S. at 377.

The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). See *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state court judgment and seeking review and rejection of that judgment.'" *Mosby,* 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). The *Rooker-Feldman* doctrine also applies to state proceedings that are essentially judicial in nature. *Feldman,* 460 U.S. at 467. See also *Ballinger v. Culotta,* 322 F.3d 546, 548 (8th Cir. 2003).

III. DISCUSSION

The Court has carefully reviewed all three motions to dismiss and for the reasons set forth below grants all three motions.

All defendants have filed a motion to dismiss for lack of lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Filing Nos. 18, 28, and 33. Defendants argue that the Rooker Feldman Doctrine bars Plaintiff's claim. Filing Nos. 19 at 5-6, 29 at 4-5, and 34 at 6-7. Plaintiff brought this lawsuit alleging defendants violated 42 U.S.C. § 1983. Filing No. 1 at 5 & 22. There is no federal question jurisdiction because Plaintiff's claims are "inextricably intertwined" with a state court judgment. The

5

Plaintiff is basically unhappy with the state court determination. Rooker-Feldman prohibits this Court from deciding "challenges to state court judgments and state proceedings." *Mosby,* 418 F.3d at 931. Plaintiff seeks an order invalidating a state-court judgment that terminated his parental rights of his two minor children. Filing No. 1 at 18-19; *see also* Filing Nos. 1-1 at 39-41, 29 at 1, and 34 at 2. The Court has no jurisdiction over this case.[1]

Because the Court does not have jurisdiction, the Court will not rule on Plaintiff's motion for default judgment against defendant Melissa Smith. Filing No. 25.

THEREFORE, IT IS ORDERED:

1. Defendants' motions to dismiss (Filing Nos. 18, 28, and 33) are granted.
2. Plaintiff's motion for default judgment (Filing No. 25) is neither granted nor denied.
3. A separate judgment will be entered in accordance with this memorandum and order.

Dated this 29th day of October, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[1] In addition, there is no diversity jurisdiction because the Plaintiff and defendants are all domiciled in the state of Nebraska, and for the reasons set forth herein. Filing No. 1 at 22.